**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| | § | **Criminal Action No.** |
| **vs.** | § | **3:12-CR-392-O(02)** |
| | § | |
| **JOHNNY ANGEL GAMEZ** | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to the *Order Referring Motion* dated January 16, 2013, before the Court is *Pro Se Owner in Interest's Motion to Recover Seized Property*, filed January 15, 2013 (doc. 117).  Based on the relevant filings and applicable law, the motion should be **DENIED**.

**I.  BACKGROUND**

Johnny Angel Gamez (Defendant) was charged by criminal complaint dated November 6, 2012, with conspiracy to possess with intent to distribute and to distribute 500 grams or more of methamphetamine. (*See* doc. 1.)  The complaint alleged that Defendant used a black Dodge Charger (Vehicle) to provide security and counter-surveillance for co-conspirators during undercover drug transactions, including a drug transaction on June 15, 2012.  (*Id.* at 11.)  The vehicle was seized by federal agents at the time of Defendant's arrest.  (*See* doc. 135 at 2.)   Defendant was later charged by indictment with the same offense listed in the complaint.  (*See* doc. 93.)  The indictment contained a forfeiture count stating that the Government would seek to forfeit any property that constituted or was derived from the proceeds of the conspiracy or was used to commit or facilitate the conspiracy.  (*Id.*. at 4.)

On December 28, 2013, the parties filed a *Plea Agreement* in which Defendant agreed to plead guilty to the drug conspiracy alleged in the indictment, and to not contest, challenge or appeal

1

the forfeiture of the property listed in the forfeiture count.  (*See* doc. 106 at 1, 4.)   They also filed

a *Factual Resume* in which Defendant stipulated to his involvement in the conspiracy by providing

counter-surveillance and security for co-conspirators.  (*See* doc. 105 at 2.)   He expressly stipulated

that he "drove up and parked his vehicle directly in front of the UCE's car and provided counter-

surveillance and security" during the June 15, 2012 drug transaction alleged in the criminal

complaint.   (*Id.*)   On December 28, 2012, the Government also filed *Government's Bill of*

*Particulars Concerning Criminal Forfeiture* identifying the specific property that it would seek to

forfeit under the forfeiture count in the indictment. (*See* doc. 108.)  The listed property included the

Vehicle.  (*Id.* at 2.)   Defendant entered his plea of guilty in open court on January 10, 2013.  (*See*

doc. 120.)

On January 15, 2013, Rosalio Gamez (Gamez), a non-party to the prosecution,  filed a

motion for return of the Vehicle.  (*See* doc. 117.)  He contends that he is its owner and that it was

his sole means of transportation, and he attaches a Certificate of Title showing him to be the owner

of the Vehicle.  (*Id.* at 3.)

## II.  ANALYSIS

"The criminal forfeiture statute[, 21 U.S.C. § 853,] is designed to balance the

Government's interest in efficient and orderly prosecution with the rights of defendants and third

parties who claim an interest in forfeitable property."  *U.S. v. Holy Land Foundation for Relief*

*and Development, et al.*, 493 F.3d 469, 477 (5th Cir. 2007) (*en banc*).  In order to achieve this

balance, § 853(k) bars intervention by third parties claiming an interest in property subject to

forfeiture in a criminal proceeding:

> Except as provided in subsection (n) of this section, no party claiming an interest in
> property subject to forfeiture under this section may—

(1) intervene in a trial or appeal of a criminal case involving the forfeiture of such property under this section; or

(2) commence an action at law or equity against the United States concerning the validity of his alleged interest in the property subsequent to the filing of an indictment or information alleging that the property is subject to forfeiture under this section.

21 U.S.C. § 853(k).  Section 853 (n) sets forth the process by which parties other than the defendant may assert an interest in forfeitable property *after* an order of forfeiture has been entered.  *See* 21 U.S.C. § 853(n).  A final order of forfeiture is entered by a court when imposing sentence on a defendant who has been convicted.  *See* 21 U.S.C. § 853(a).  Section (n) "makes plain" that third parties may assert their interests in forfeitable property "only *after* the termination of the pending criminal case."  *Holy Land Foundation,* 493 F.3d at 477 (*emphasis original*).

Here, the pending criminal case has not yet terminated, and no order of forfeiture has yet been entered against Defendant.  Accordingly, Gamez, a non-party, may not intercede in this pending prosecution at this time to assert his interest in the Vehicle.

### III. RECOMMENDATION

Gamez's motion should be **DENIED**.

**SO RECOMMENDED on this 16th day of April, 2013.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

3

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).


IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

4