IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § | |
| v. | § § | No. 3:12-cr-392-O (BF) |
| JOHNNY ANGEL GAMEZ (02) | § § § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Petitioner Rosalio Gamez has filed a motion asserting a legal interest in a 2006 Dodge Charger (the "Charger"), VIN 2B3KA43R36H478958, that is the subject of a Preliminary Order of Forfeiture signed by the District Court on May 6, 2013. As grounds for his motion, Petitioner states that he is the owner of the Charger and his son Defendant Johnny Angel Gamez took the car without his permission and used it without his knowledge to provide security and counter-surveillance for co-conspirators during undercover drug transactions, as alleged in the indictment. The government concedes that the Charger is currently titled in Petitioner's name, but contends that Petitioner possessed only bare legal title to the car and did not exercise true dominion and control over the car before its seizure, which would prevent the forfeiture. The Court held an evidentiary hearing on Petitioner's motion on July 31, 2013. The issues have been full briefed and argued, and the motion is ripe for determination.

Under 21 U.S.C. § 853, the United States is entitled to forfeiture of any property constituting or derived from the proceeds of certain illegal drug transactions, or any property used in any manner to commit or facilitate the commission of the illegal activity. *See* 21 U.S.C. § 853(a). Section 853(n) provides a procedure for third parties to assert a legal interest in forfeited property and

petition the court to amend or set aside the forfeiture. To successfully challenge a forfeiture, the third-party petitioner must show by a preponderance of the evidence that:

> (A) the petitioner has a legal right, title, or interest in the property, and such right, title or interest renders the order of forfeiture invalid in whole or in part because the right, title, or interest was vested in the petitioner rather than the defendant or was superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property under this section; or
>
> (B) the petitioner is a bona fide purchaser for value of the right, title, or interest in the property and was at the time of purchase reasonably without cause to believe that the property was subject to forfeiture under [section 853].

21 U.S.C. § 853(n)(6).

Here, Petitioner asserts that the forfeiture should be set aside because he is the legal owner of the Charger. In support of his claim of ownership, Petitioner submitted a copy of a Texas Certificate of Title which identifies him as the owner of the Charger and copies of statements from Fifth Third Bank which show installment loan payments on the car were made in his name. Testimony adduced at the hearing further established that Petitioner paid for the Charger. However, the evidence also established that Petitioner willingly gave the Charger to his son Johnny Gamez and knowingly allowed him to control and use the car for two years, during which time Johnny Gamez used the Charger in connection with drug-trafficking activity. Thus, while the evidence establishes that Petitioner is the nominal owner of the Charger, the weight of the evidence shows that at the time of the offense, Defendant Johnny Gamez had sole possession of the Charger and exercised dominion and control over the car. Under these circumstances, Petitioner is not entitled to prevent the forfeiture of the Charger. *See United States v. One 1978 Piper Navajo PA-31*

*Aircraft*, 748 F.2d 316, 319 (5th Cir. 1984) (noting that bare legal title by one who does not exercise dominion and control over the property is insufficient to establish an ownership interest sufficient to avoid forfeiture); *Com. v. One 1986 Volkswagen GTI Auto.*, 630 N.E.2d 270, 274 (Mass. 1994) (person with only a financial stake in an automobile does not possess a sufficient ownership interest to contest its forfeiture unless the person also exercises dominion and control over the vehicle); *United States v. One 1971 Porsche Coupe*, 364 F.Supp. 745, 748 (E.D. Pa. 1973) (forfeited vehicle's owner of record was only a nominal owner not entitled to relief from forfeiture because he had made a gift of the vehicle to his son, and the son had "sole possession and exercised dominion and control over it").

Accordingly, Petitioner's motion asserting a legal interest in the Charger should be DENIED.

SO RECOMMENDED, August 16, 2013.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

3